IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 7:07-CR-00086-D
No. 7:10-CV-177-D

| | | |
|---|---|---|
| MICHAEL KENTA DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On September 7, 2010, Michael Kenta Davis ("petitioner" or "Davis"), a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Mot. Vacate [D.E. 40]. On September 27, 2010, the United States ("respondent" or "government") moved to dismiss Davis's motion and filed a supporting memorandum [D.E. 43]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Davis of the motion for dismissal, the consequences of failing to respond, and the response deadline [D.E. 44]. On November 2, 2010, Davis responded in opposition. Def.'s Resp. [D.E. 47]. On September 30, 2011, Davis filed an addendum to his motion, requesting that the court consider whether United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), entitles him to relief [D.E. 48]. On October 3, 2011, Davis requested leave to expand the record "to include documented evidence of [his] continued [rehabilitative] efforts." [D.E. 49]. As explained below, the court grants the government's motion to dismiss.

I.

On July 11, 2007, a grand jury indicted Davis for one count of knowingly and intentionally possessing with the intent to distribute more than fifty grams of cocaine base (crack) in violation of

21 U.S.C. § 841(a)(1). Indictment [D.E. 1] 1. On November 5, 2007, without a plea agreement, Davis pleaded guilty to the offense charged in the indictment [D.E. 26]. On February 12, 2008, the court sentenced Davis to a term of 300 months' imprisonment and five years of supervised release [D.E. 28–29]. The court imposed this sentence after finding that Davis was a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines ("Guidelines"). See United States v. Davis, 305 F. App'x 62, 63 (4th Cir. 2008) (per curiam) (unpublished). The court reached this conclusion based in part on Davis's having twice been convicted by state courts for felony controlled substance offenses. Id. The two prior felony convictions that the court cited were a 2006 conviction in a Maryland state court for possession with intent to distribute marijuana and a 2006 conviction in a South Carolina state court for possession with intent to distribute marijuana. Id.

Davis appealed his sentence, arguing that this court erred in sentencing him as a career offender. See id. The Fourth Circuit rejected Davis's arguments and affirmed his sentence. Id. at 63–64. On January 5, 2009, the Fourth Circuit issued its mandate. Ct. App. Mandate [D.E. 39]. Davis did not appeal the decision and the mandate became final ninety days later. See Clay v. United States, 537 U.S. 522, 532 (2003) ("[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court of the United States] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Sup. Ct. R. 13 (requiring certiorari petitions to be filed within ninety days after entry of a judgment).

On July 6, 2010, the Maryland state court granted Davis's motion to withdraw his guilty plea and dismissed the criminal judgment against him. See Mot. Vacate 6; id., Ex. A ("Maryland Ct. Order"). On September 7, 2010, Davis filed his motion pursuant to section 2255. See Mot. Vacate. In his motion, Davis argues that this court should vacate his sentence because he has successfully challenged a predicate offense that formed the basis for his federal sentence. Id. 6–7. The

2

government argues that the section 2255 motion is untimely. See Gov't Mem. [D.E. 43-1] 3–5.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether a complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). Although a court "assume[s] the facts alleged in the complaint are true and draw[s] all reasonable factual inferences in [plaintiff's] favor," Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), a court need not accept a complaint's legal conclusions drawn from the facts. See Iqbal, 129 S. Ct. at 1949–50. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

A petitioner seeking relief under section 2255 must usually bring an action within one year of "the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1); see Clay, 537 U.S. at 532. However, a petitioner may also bring an action within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Davis concedes that he filed his motion to vacate more than one year after the judgment became final. See Mot. Vacate 7. Nonetheless, he contends that he exercised due diligence in attacking the Maryland conviction and that he filed his motion within one year of the Maryland court's action. Id. 7–8; see Johnson v. United States, 544 U.S. 295, 302 (2005) (when a petitioner files a section 2255 motion based upon a state court vacatur, the motion is timely so long as it was filed within one year of the state court's action and "the

3

petitioner [shows] due diligence in seeking the order").

Assuming without deciding that Davis did exercise due diligence in attacking the Maryland conviction, his motion remains untimely because the Maryland court's action does not alter his status as a career offender. Davis remains a career offender based upon his two remaining unchallenged prior felony convictions for controlled substance offenses. See U.S.S.G. § 4B1.1. These convictions are the unchallenged 2006 South Carolina conviction and an unchallenged 1999 North Carolina conviction for felony possession with intent to sell and deliver cocaine. See Presentence Investigation Rpt. ¶¶ 16, 26; United States v. Wynn, No. 01-3423, 2003 WL 124252, at *1 (8th Cir. 2003) (per curiam) (unpublished) ("[T]he career-offender determination was proper, despite [defendant's] assertion that one of the state counts of conviction had been set aside" because at the time of sentencing, defendant still had "the requisite two prior convictions."). Therefore, the Maryland court's action is not a "fact[] supporting [Davis's] claim . . . ." 28 U.S.C. § 2255(f)(4). Accordingly, Davis's motion for relief was filed more than one year after the judgment in this case became final and is therefore untimely.

In opposition to this conclusion, Davis argues that the North Carolina conviction was not a prior felony conviction of a controlled substance offense within the meaning of section 4B1.1. Def.'s Resp. 3–6. First, he argues that his conviction for violating the state provision prohibiting the sale, manufacture, delivery, transport, or possession of more than twenty-eight grams of cocaine was not a conviction for a "controlled substance offense." See id.; see N.C. Gen. Stat. § 90-95(h)(3). The Guidelines define "controlled substance offense" as an offense "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The elements of the offense giving rise to Davis's 1999 conviction meet this

4

definition. See Simmons, 649 F.3d at 240–41.

Second, Davis argues that his North Carolina conviction was not punishable by a term of imprisonment exceeding one year and therefore was not a felony offense. Def.'s Resp. 5–6; see U.S.S.G. § 4B1.1. Davis states that his "'presumptive' range" of imprisonment for this offense under North Carolina's Structured Sentencing Act, see N.C. Gen. Stat. §§ 15A-1340.10 et seq., was six to eight months, and that he received a thirteen- to sixteen-month sentence only because of a weapons enhancement. Def.'s Resp. 5–6. Simmons forecloses Davis's argument. There, the Fourth Circuit held that in determining whether a predicate state conviction was for a felony punishable by more than one year, a court should consider the maximum term of imprisonment that the specific defendant could have received for the offense, in light of any aggravating or mitigating factors applicable to that defendant. Simmons, 649 F.3d at 243–45. The North Carolina court sentenced Davis to thirteen to sixteen months based upon its finding an aggravating factor applicable in his case. Accordingly, his offense was a felony punishable by more than one year.

II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 43], and DISMISSES Davis's motion to vacate his sentence [D.E. 40]. Accordingly, the court DENIES AS MOOT Davis's supplemental motions in support of his motion to vacate [D.E. 48–49].

SO ORDERED. This __8__ day of February 2012.

JAMES C. DEVER III
Chief United States District Judge

5